IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

JOSEPH ERIC HEIMRICH                                                                                  PLAINTIFF

V.                                    Civil No. 2:22-cv-02019

NURSE RYAN GOODWIN,
CRAWFORD COUNTY JUSTICE CENTER                                                      DEFENDANTS

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

This is a civil rights action filed under 42 U.S.C. § 1983.  Plaintiff, Joseph Eric Heimrich, proceeds in this matter *pro se* and *in forma pauperis*.  (ECF Nos. 1, 9).  Pursuant to the provisions of 28 U.S.C. § 636(b)(1) and (3) (2011), the Honorable P. K. Holmes, III, Senior United States District Judge, referred this case to the undersigned for the purpose of making a Report and Recommendation.  Presently before the Court is the Plaintiff's failure to comply with Court orders and failure to prosecute this case.

Plaintiff filed his Complaint on January 21, 2022.  (ECF No. 1).  In the provisional filing Order of the same date, the Court advised Plaintiff that: "he is required to immediately inform the Court of any change of address.   If Plaintiff is transferred to another jail or prison or released, he shall have 30 days from the date of transfer or release in which to notify the Court of his new address."  (ECF No. 2).  The Order further states: "Failure to inform the Court of an address change shall result in the dismissal of this case."  *Id*.

Plaintiff's completed application for *in forma pauperis* was eventually filed and was granted by the Court on March 28, 2022.  (ECF No. 9).  Plaintiff filed an Amended Complaint on April 11, 2022.  (ECF No. 12).

On April 27, 2022, mail addressed to the Plaintiff was returned to the Court marked "return to sender, not deliverable as addressed, unable to forward."  (ECF No. 15).  On May 2, 2022, mail

1

addressed to the Plaintiff was again returned to the Court marked "return to sender, not deliverable as addressed, unable to forward." (ECF No. 16). The Plaintiff has not updated his address with the Court and the Court has no new address available for the Plaintiff.

Although *pro se* pleadings are to be construed liberally, a pro se litigant is not excused from complying with substantive and procedural law. *Burgs v. Sissel*, 745 F.2d 526, 528 (8th Cir. 1984). The Federal Rules of Civil Procedure specifically contemplate dismissal of a case on the grounds that the plaintiff failed to prosecute or failed to comply with orders of the court. Fed. R. Civ. P. 41(b); *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630–31 (1962) (stating the district court possesses the power to dismiss *sua sponte* under Rule 41(b)). Pursuant to Rule 41(b), a district court has the power to dismiss an action based on "the plaintiff's failure to comply with any court order." *Brown v. Frey*, 806 F.2d 801, 803-04 (8th Cir. 1986) (emphasis added).

Plaintiff has failed to obey an Order of the Court and has failed to prosecute this matter. Therefore, pursuant to Federal Rule of Civil Procedure 41(b) and Local Rule 5.5(c)(2), it is recommended that this matter be **DISMISSED WITHOUT PREJUDICE**.

**The parties have fourteen (14) days from receipt of the Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The parties are reminded that objections must be both timely and specific to trigger *de novo* review by the district court.**

IT IS SO ORDERED this 1st day of June 2022.

/s/ *Mark E. Ford*
HON. MARK E. FORD
UNITED STATES MAGISTRATE JUDGE